IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DONALD ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10 CV 04081 NKL |
| | ) | |
| BOONE HOSPITAL CENTER, DANIEL | ) | |
| ROTHERY, NANCY TUNE, AND MISSY | ) | |
| ARNOLD, | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim [Doc. # 33], as well as Plaintiff's Motion to Set Aside Judgment [Doc. # 40]; Plaintiff's Motion to Amend Complaint to Add Plaintiffs and Defendants and to Certify Class [Doc. # 44]; and Plaintiff's Motion for Leave to amend his complaint. [Doc. # 38].

**I.   Background**

On April 16, 2010, Plaintiff filed this lawsuit alleging receipt of a defective pacemaker manufactured by former defendant Medtronic, Inc., and implanted at Boone Hospital Center in 2007. The case was then transferred to Multi-District Litigation in the District of Minnesota, pursuant to 28 U.S.C. § 1407. Plaintiff reached a settlement with Medtronic and its employees and the claims against those defendants were dismissed with prejudice on June 22, 2011, by the MDL court. The MDL court entered final judgment as to the Medtronic defendants on September 2, 2011. The claims against current

1

Defendants, Defendants Daniel Rothery, Nancy Tune, Missy Arnold, and CH Allied Services, Inc. (referred to here as "BHC"), were severed from those of Medtronic and remanded back to the Court, which reopened the case on September 23, 2011.

Plaintiff brings two counts against current Defendants–Count II, which is a claim for medical negligence, and Count III, which is an action under the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act.[1]  Plaintiff's criminal conspiracy claim under RICO alleges that Defendants Rothery, Tune, and Arnold knew or should have known that the pacemaker was defective, that Medtronic used bribery and false advertising to keep its product on the market, and that Defendants disregarded quality controls and procedures by intentionally allowing Plaintiff to receive the pacemaker, with the goal of ridding the hospital's inventory of the pacemaker, receiving a "mark-up profit" and remaining in a favorable relationship with Medtronic [Doc. # 1 at ¶ 31]. The damages sought by the Plaintiff in the Complaint include the $72,784.70 in costs associated with the implantation of the pacemaker, along with compensatory damages for non-economic losses and punitive damages.

## II.     Motion to Dismiss

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a

---

[1] The remainder of the claims, all against Medtronic, in Plaintiff's original complaint were already dismissed in the District of Minnesota.

short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Section 1964 (c) of the RICO statute provides a right of action for any person injured in his "business or property by reason of a violation of the Act." 18 U.S.C. § 1964(c); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation."). Personal injuries are not cognizable injuries to business or property under the Act. *See e.g. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc*., 187 F.3d 941, 954 (8th Cir. 1999) (finding that "[d]amage to reputation is generally considered personal injury and thus is not an injury to 'business or property' within the meaning of 18 U.S.C. § 1964(c)"); *Reiter v. Sonotone Corp*., 442 U.S. 330, 339 (1979) (stating that under 1964(c), "[t]he phrase 'business or property' also retains restrictive significance. It would, for example, exclude personal injuries suffered"); *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th

3

Cir. 1986) (finding personal injury claims to fall outside the ambit of injuries envisioned by RICO).

Based on an examination of Plaintiff's complaint and briefing, Plaintiff appears to seek recovery under RICO for the expenses related to his surgery to implant the allegedly defective pacemaker, as well as non-economic damages. Even upon a broad reading of Section 1964(c), none of these injuries appear to be related to a business or property interest under RICO. First, Plaintiff's non-economic damages are presumably sought for his pain and suffering, which are clearly personal injuries excluded from the scope of RICO. *See e.g. Reiter*, 442 U.S. at 339. Second, Plaintiff's surgery expenses appear to represent a mere financial offshoot of the personal injury claim in Count II of Plaintiff's complaint. An injury wholly derivative of a personal injury claim is properly excluded from RICO's scope. *See Munson v. Eli Lilly and Co.*, 1987 WL 20383, *5 (D. Minn. 1987) (holding that monetary injuries resulting from payment for an allegedly harmful drug and to treat alleged drug-induced injuries were the "normal accouterments of a personal injury suit" and thus fell outside the scope of § 1964(c)); *Borskey v. Medtronics, Inc.*, 1995 WL 120098, at *3 (E.D. La 1995) (holding that plaintiffs' medical expenses to remove an allegedly defective drug pump were so closely tied to their alleged personal injuries that such expenses could not be covered under RICO).[2]

---

[2] A circuit split has developed as to whether certain pecuniary losses from personal injuries may confer standing under RICO, with most courts thus far ruling that pecuniary losses stemming from personal injury claims are non-compensable under RICO. *Compare Grogan v. Platt*, 835 F.2d 844, 848 (11th Cir. 1988), *cert. denied*, 488 U.S. 981, 109 S. Ct. 531 (1988) (holding that recovery is not permitted under RICO "for those pecuniary losses that are most

Case 2:10-cv-04081-NKL   Document 69   Filed 12/19/11   Page 4 of 6

As the injuries alleged by Plaintiff do not fall within the proper scope of Section 1964(c), Plaintiff has failed to allege a cognizable injury under RICO and Count III must be dismissed. Dismissal of Count III renders it unnecessary for the Court to reach the other issues raised by Defendant with respect to this Count. With the dismissal of the RICO claim, there are no federal claims remaining in the lawsuit. Out of deference to the authority of state courts, the Court will thus decline to exercise supplemental jurisdiction over the state law claim in Count II of Plaintiff's complaint. 28 U.S.C. § 1367 (c) (3).

### III. Motion to Set Aside Judgment

Plaintiff also brings a motion to set aside the judgment of the multi-district litigation court in the District of Minnesota, which dismissed, with prejudice, all the claims Plaintiff had lodged in his original complaint against former Defendant, Medtronic. This Motion is denied without prejudice. Medtronic is not a party to the litigation currently before the Court. The order dismissing Plaintiff's claims against Medtronic was entered in the District of Minnesota and therefore any order to set aside that judgment must also be raised in that District.

---

properly understood as part of a personal injury claim.") *and Doe v. Roe*, 958 F.2d 763 (7th Cir. 1992) ("The terms 'business or property' are, of course, words of limitation which preclude recovery for personal injuries and the pecuniary losses incurred therefrom.") *with Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) (ruling that a false imprisonment causing loss of employment and employment opportunities was an injury to "business or property" under RICO as it represented "the property injury of interference with current or prospective contractual relations"). However, unlike the injury in *Diaz v. Gates*, Plaintiff's alleged injury in the present case appears to consist only of a personal monetary loss not relating to any further interest in business or property and thus falls outside the intended scope of RICO. There is no evidence that Plaintiff is seeking to recover for lost employment opportunities.

5

**IV.  Additional Motions**

As all claims against all current and previous Defendants have been dismissed, Plaintiff's Motion to Amend Complaint to Add Plaintiffs and Defendants and his Motion to Certify Class, as well as his Motion for Leave to File are denied.  There is nothing to add them to and it appears that adding them would be futile.

**V.  Conclusion**

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim [Doc. # 33] is GRANTED.  Plaintiff's Motion to Set Aside Judgment [Doc. # 40] is DENIED WITHOUT PREJUDICE.  Plaintiff's Motion to Amend Complaint to Add Plaintiffs and Defendants and his Motion to Certify Class [Doc. # 44], as well as his Motion for Leave to File [Doc. # 38] are DENIED.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: December 19, 2011
Jefferson City, Missouri